RECEIVED
IN LAKE CHARLES, LA
OCT 1 4 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:10 CR 00331-003 |
| VS. | : | JUDGE MINALDI |
| CHRISTOPHER KEITH GASS | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court are the defendant's objections to the Presentence Report ("PSR") prepared by the Probation Department.

In his first objection, the defendant objects to ¶ 17 and states that only a portion of the funds seized by the government were obtained through illegal activity. This objection does not impact the guidelines calculation, therefore no ruling is required.

In the second and fourth objections, the defendant objects to ¶¶ 30 and 35, in which he was assessed responsibility for 140,000 units of steroids. He argues that this amount was based upon hearsay and estimates. Gass states that the proper amount should fall somewhere between 120 and 24,000 units, for a base offense level between 6 and 18.

Probation responds that, in the Stipulated Factual Basis for the guilty plea, Gass agreed that 7,000 vials of anabolic steroids were manufactured, possessed, and distributed by this organization.

Fed.R.Crim.P. 32(i)(3) and U.S.S.G. § 6A1.3 require that when faced with a disputed factual issue in a pre-sentence report, a district court must rule on the dispute. Federal Sentencing Guidelines § 6B 1.4(d) states "[t]he court is not bound by the stipulation, but may with the aid of the

presentence report, determine the facts relevant to sentencing."

In the Factual Basis and in the investigative reports provided by law enforcement, including statements by the defendant and co-defendants, Gass admitted that he was leader in the organization. He admitted that he obtained steroids from co-defendants, Berza, Meaux and Matte, and that through his network of distributors, including co-defendants Bosely and Duplechin, Gass distributed large quantities of steroids for approximately three years. He also admitted that he was aware that members of the organization would convert powder steroids into injectable form. He assisted Meaux in dismantling a lab. Gass deposited over $156,000 from January 2008 through December 2009, while wage records indicate an earned income of $35,000.00.

The Commentary to § 6B1.4 states:

> *This provision requires that when a plea agreement includes a stipulation of fact, the stipulation must fully and accurately disclose all factors relevant to the determination of sentence. This provision does not obligate the parties to reach agreement on issues that remain in dispute or to present the court with an appearance of agreement in areas where agreement does not exist. Rather, the overriding principle is full disclosure of the circumstances of the actual offense and the agreement of the parties. The stipulation should identify all areas of agreement, disagreement and uncertainty that may be relevant to the determination of sentence. Similarly, it is not appropriate for the parties to stipulate to misleading or non-existent facts, even when both parties are willing to assume the existence of such "facts" for purposes of the litigation. Rather, the parties should fully disclose the actual facts and then explain to the court the reasons why the disposition of the case should differ from that which such facts ordinarily would require under the guidelines.*
>
> *Because of the importance of the stipulations and the potential complexity of the factors that can affect the determination of sentences, stipulations ordinarily should be in writing. However, exceptions to this practice may be allowed by local rule. The Commission intends to pay particular attention to this aspect of the plea agreement procedure as experience under the guidelines develops. See Commentary to § 6A1.2.*
>
> *Section 6B1.4(d) makes clear that the court is not obliged to accept the stipulation of the parties. Even though stipulations are expected to be accurate and complete, the court cannot rely exclusively upon stipulations in ascertaining the factors*

*relevant to the determination of sentence.* **Rather, in determining the factual basis for the sentence, the court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information.**

USSG, § 6B1.4, 18 U.S.C.A. (Emphasis added).

"Relevant conduct," as defined by section §1B1.3, includes quantities of drugs involved in the same course of conduct as the count of conviction. *United States v. Turner*, 898 F.2d 705, 711 (9th Cir.), *cert. denied*, 495 U.S. 962, 110 S.Ct. 2574, 109 L.Ed.2d 756 (1990). Accordingly, the defendant's objection to quantity is overruled, absent evidence introduced at the sentencing hearing. This court may, and has, considered the entire steroid distribution scheme when determining the amount of steroids involved in this conspiracy. Therefore, the adjusted offense level will remain unchanged.

The defendant's third objection was resolved and does not require a ruling.

The remaining objections have either been resolved or do not require a ruling. The base offense level is 19, with a criminal history category of I, with a guideline range of 30-37 months.

Lake Charles, Louisiana, this _14_ day of October, 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

3